[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15146
Non-Argument Calendar

_____

BIA Nos. A79-475-744 & A79-475-745

AVELINO ANTONIO QUICENO LOPEZ,
MARIA ESPERANZA RODRIGUEZ DE QUICENO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(August 1, 2005)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Avelino Antonio Quiceno Lopez and his wife Maria Esperanza Rodriguez de

Quiceno are natives and citizens of Colombia.  Through counsel, they seek review of the Board of Immigration Appeals' decision affirming the immigration judge's order denying their application for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture (CAT).

Because the BIA issued its own decision in this case, we review only that decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  To the extent that the BIA's decision was based on a legal determination, our review is de novo.  Mohammed v. Ashcroft, 261 F.3d 1244, 1247–48 (11th Cir. 2001).  The BIA's factual determinations are reviewed under the substantial-evidence test; we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Al Najjar, 257 F.3d at 1283–84 (internal quotation omitted).  The substantial-evidence test is "deferential" and does not allow us to "re-weigh the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (internal quotation omitted).

The petitioners first contend that they are entitled to asylum because, according to them, they have shown that Lopez suffered past persecution on account of his political opinion or his imputed political opinion.[1]  They argue that

---

[1] Quiceno's petition is tied to the facts of her husband's.

Lopez was subjected to threats by the Revolutionary Armed Forces of Colombia (FARC) because of his involvement with a religious outreach group that sought to recruit youths out of gangs.

In order to be eligible for asylum, an alien must establish with specific and credible evidence:  (1) past persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion; or (2) a "well-founded fear" that he will suffer persecution in the future on the basis of one of the enumerated grounds.  8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

"Not all exceptional treatment is persecution."  Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000).  "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution."  Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations and markings omitted).  "Threats alone generally do not constitute actual persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution."  Vatulev v. Ashcroft, 354 F.3d 1207, 1210 (10th Cir. 2003).

Here, substantial evidence supports the BIA's factual conclusion that Lopez has not suffered past persecution.  Lopez's experiences in Colombia do not rise to the level of persecution.  His allegations of persecution include:  (1) a warning that

3

Lopez considered to be a joke; (2) a three- to four-minute encounter with four men on motorcycles who verbally harassed and threatened him; and (3) several threatening phone calls, which he received at various locations. Neither Lopez nor his family was ever physically harmed. These things are nothing more than "a few isolated incidents of verbal harassment or intimidation," which is insufficient to establish eligibility for asylum. See Sepulveda, 401 F.3d at 1231.

Substantial evidence also supports the BIA's conclusion that petitioners failed to demonstrate a well-founded fear of future persecution. As we have just noted, Lopez has never suffered more than threats, and there is no evidence to suggest that those threats will escalate into anything more serious in the future. And, the fact that Lopez's daughters have remained in Colombia casts doubt on Lopez's fears of persecution.

Because the petitioners did not establish eligibility for asylum, their claim for withholding of removal also fails. The standard for obtaining withholding of removal is more stringent than that for asylum. Thus, if an applicant cannot show the well-founded fear of persecution necessary for asylum, he generally is unable to qualify for withholding of removal. Al Najjar, 257 F.3d at 1292–93.

Finally, the petitioners' claim for relief under CAT also fails. In order to obtain withholding of removal under CAT, the applicant must prove that it is "more likely than not that he or she would be tortured if removed to the proposed

country of removal." 8 C.F.R. § 208.16(c)(2). The petitioners have not met that heavy burden. The evidence shows that they were threatened, but never physically harmed, when they lived in Colombia. That the petitioners' daughters have safely remained in Colombia suggests that will continue to be the case. Finally, while the threatening telephone calls that Lopez received suggest the possibility that FARC may seek to harm him, those calls fall far short of showing that possibility is more likely than not.

**PETITION DENIED.**